UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **TOYLAWUD TON TON GALTOGBAH #A079-592-434** | **CASE NO. 6:18-CV-00880 SEC P** |
| **VERSUS** | **UNASSIGNED DISTRICT JUDGE** |
| **JEFFERSON B SESSIONS III ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

## REPORT AND RECOMMENDATION

Currently before the court is a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. §2241 by pro se petitioner, Taylawud Ton Ton Galtogbah ("Galtogbah"). This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. §636(b)(1)(B).

*Factual Background*

Petitioner is a native and citizen of Liberia, who was admitted to the United States on or about November 1, 2002, as an asylee (AS-3). He alleges that he has been in the custody of ICE since August 16, 2016. [Rec. Doc. 4, p. 4] On March 11, 2009, he was convicted in the United States District Court for the Eastern District of Pennsylvania on one count of aiding and abetting the commission of a carjacking and one count of carjacking. Petitioner was ordered removed by an immigration

judge on January 18, 2018. [Rec. Doc. 4, p. 4, ¶ 11(b)] He appealed that decision on May 17, 2018; his appeal was dismissed on July 18, 2018. [Id. at p. 5]

On June 25, 2018, a request for travel documents was forwarded to the Embassy of Liberia. [Rec. Doc. 19-1] On August 13, 2018, Petitioner filed a petition for review and motion for stay of removal in the United State Court of Appeals for the Ninth Circuit, which resulted in a temporary stay of removal. *Id*. The petitioner was thereafter transferred to the Fifth Circuit. *Id*. On August 20, 2018, Petitioner filed a petitioner for review and motion for stay of removal in the United State Court of Appeals for the Fifth Circuit. On October 4, 2018, he filed a motion to reopen with the Board of Immigration. *Id*.; see also Rec. Doc. 19-9.

On October 9, 2018, Petitioner was scheduled for a consulate interview and on November 27, 2018, he was approved for a charter flight to Liberia. *Id*. On November 30, 2018, the Fifth Circuit dismissed his petition for lack of jurisdiction. *Id*.; see also Rec. Doc. 19-10. On February 7, 2019, a Decision to Continue Detention was issued, and Petitioner was advised that his removal was expected in the reasonably foreseeable future. *Id*.

Petitioner alleges that he has remained in ICE custody beyond the presumptively reasonable 6-month post-removal order period set forth in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

*Law and Analysis*

Petitioner challenges his detention pending removal. The statute applicable to the detention of aliens under final orders of deportation, 8 U.S.C. § 1231(a)(1(A), and, thus, applicable to Petitioner, provides that the Attorney General has 90 days after an order of removal becomes final in which to effect an alien's removal. The removal period begins on the latest of the following: 1) the date the removal order becomes administratively final; 2) the date of a court's final order if the removal order is judicially reviewed and the court orders a stay of the removal of the alien; or 3) the alien is released from detention or confinement (except under an immigration process). 8 U.SC. § 1231(a)(1)(B).

Although ICE has 90 days to remove an alien after he is ordered removed under 8 U. S. C. § 1231 (a) (1) (A), the Supreme Court has held that § 1231 permits the detention of criminal aliens beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States. The presumptively reasonable six-month removal period begins with the beginning of the removal period, when the order of removal becomes final. *Zadvydas v. Davis*, 285 F.3d 398, 403 (5th Cir. 2002), *citing Zadvydas v. Davis*, 533 U.S. 678 (2001); *see also, Guo Xing Song v. U.S. Attorney General*, 516 Fed. Appx. 894, 899 (11th Cir. 2013); *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n. 3 (11th Cir. 2002); *Idowu v. Ridge,*

2003 U.S. Dist. LEXIS 13503, 2003 WL 21805198, *3 (N.D.Tex. 2003)(citing cases). Thus, the Supreme Court and the Fifth Circuit have both found that the presumptively reasonable six-month removal period includes the statutory 90-day removal period.

Detention for six months, however, does not mandate automatic release. At that point, a determination must be made as to whether there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future. *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006.) "[I]n order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2001). To meet his burden under the second prong, an alien's claim must be supported by more than mere "speculation and conjecture." *Idowu v. Ridge*, No. 03-cv- 1293, 2003 WL 21805198, *4 (N.D. Tex. Aug. 4, 2003) (citing *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1366 (N.D. Ga. 2002)). In order to shift the burden to the Government, an alien must demonstrate that "the circumstances of his status" or the existence of "particular individual barriers to his repatriation" to his country of origin are such that there is no significant likelihood of removal in the reasonably foreseeable future. *Id*. If the

4

alien fails to come forward with an initial offer of proof, the petition is ripe for dismissal. *Akinwale*, 287 F.3d at 1051.

Petitioner has fallen short of meeting this burden. The declaration of Richard Brooks, ICE Assistant Field Office Director, sets forth a timeline that establishes that since the BIA dismissed his appeal in July 2018, Petitioner's actions contributed to the delay of his removal. He filed petitions for review and stay in both in the Fifth Circuit and Ninth Circuit Court of Appeals. [Rec. Doc. 19-1, p.2, ¶ ¶ 9, 10] The government also notes that Petitioner refused to exit his cell to participate in a telephonic interview with the Liberian consulate and when he did speak with the consulate days later, he indicated that he had litigation pending that would prohibit his removal. Id. at ¶ ¶17, 18.

The Fifth Circuit, in *Andrade v. Gonzales,* reiterated that the Supreme Court's holding in *Zadvydas* concerned civil confinement that was "not limited, but potentially permanent." *Id.* at 543 *(citing Zadvydas*, 533 U.S. at 691.) There, the Government had thrice failed to secure the transfer of an alien subject to a final order of removal, and could offer no promise of future success, as all the nations to which the alien had ties had refused his admission on the ground that he was not a citizen. *Id*. *Zadvydas* thus created a "6-month presumption" of the validity of detention under § 1231, after which an alien could attack the reasonableness of his continued

detention. The Court's decision creates no specific limits on detention, however, as "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*. at 701. In that case, Andrade "offered nothing beyond his conclusory statements suggesting that he [would] not be immediately removed to Cape Verde following the resolution of his appeals," and the Fifth Circuit found his constitutional challenge to his detention to be without merit. *Andrade*, 459 F.3d at 543-544.

Although Petitioner's detention is beyond the presumptively reasonable six-month removal period, he has not presented facts sufficient to indicate good reason to believe that ICE is incapable of executing his removal and that his detention will, therefore, be of an indefinite nature. Galtogbah's assertion that he will not be removed in the reasonably foreseeable future, supported only by the mere passage of time, is insufficient to meet the initial burden. *See Ruiz-Ibanez, supra*, at *18.[1] He has not alleged facts that, if proven true, would show his detention threatens to be either indefinite or potentially permanent so as to run afoul of *Zadvydas* or violate due process. Rather, the fact that he was approved for a charter flight to Liberia in November 2018, in conjunction with the telephonic interviews with the Liberian

---

[1] To the extent that Petitioner challenges his removal, i.e., "I have all proof why I can't go back to my country, they gone kill me and you turning me over to the Government," [Rec. Doc. 4, p. 7, ¶ 15], Congress has made it clear that only an "appropriate court of appeals" can provide this relief. 8 U.S.C. § 1252(a)(5).

6

Consulate in February 2019, support a finding that he has failed to meet his burden of proving that there is no significant likelihood of his removal in the reasonably foreseeable future.

For these reasons,

**IT IS RECOMMENDED** that this petition for writ of habeas corpus be **DENIED AND DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE in Chambers on this 18th day of June, 2019.

Carol B. Whitehurst
United States Magistrate Judge